O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANNETTE LOUISE BRIEN,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. 8:16-CV-02081 (VEB)<br><br>DECISION AND ORDER |

## I. INTRODUCTION

In September of 2013, Plaintiff Annette Louise Brien applied for Supplemental Security Income benefits under the Social Security Act. The Commissioner of Social Security denied the application.[1]

---

[1] On January 23, 2017, Nancy Berryhill took office as Acting Social Security Commissioner. The Clerk of the Court is directed to substitute Acting Commissioner Berryhill as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Plaintiff, by and through her attorneys, the Law Offices of Lawrence D. Rohfling, commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 23). On March 5, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 22).

## II. BACKGROUND

Plaintiff applied for SSI benefits on September 26, 2013, alleging disability beginning July 9, 2013. (T at 139-62).[2] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On April 20, 2015, a hearing was held before ALJ Kyle E. Andeer. (T at 44). Plaintiff appeared with an attorney and testified. (T at 47-57). The ALJ also received testimony from Randi Hetrick, a vocational expert. (T at 57-60).

On June 17, 2015, the ALJ issued a written decision denying the application for benefits. (T at 24-43). The ALJ's decision became the Commissioner's final

---

[2] Citations to ("T") refer to the administrative record transcript at Docket No. 16.

decision on September 19, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 3-8).

On November 18, 2016, Plaintiff, acting by and through her counsel, filed this action seeking judicial review of the Commissioner's denial of benefits. (Docket No. 1). The Commissioner interposed an Answer on April 19, 2017. (Docket No. 15). The parties filed a Joint Stipulation on August 30, 2017. (Docket No. 21).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision must be affirmed and this case be dismissed.

## III. DISCUSSION

### A. Sequential Evaluation Process

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other

3

DECISION AND ORDER – BRIEN v BERRYHILL 8:16-CV-02081-VEB

substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment

prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.      Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision,

made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the

Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

### C. Commissioner's Decision

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 30, 2013, the application date. (T at 29). The ALJ found that Plaintiff's venous insufficiency with lower extremity cellulitis, resolved congestive heart failure, obesity, and sleep apnea were "severe" impairments under the Act. (Tr. 29).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 32).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), as follows: she

can lift 20 pounds or more, stand/walk for 2 hours in an 8-hour workday, and must be allowed to elevate her legs to footstool level while working. (T at 32).

The ALJ noted that Plaintiff could not perform her past relevant work as a caregiver/companion or massage therapist. (T at 37). Considering Plaintiff's age (48 years old on the application date), education (at least high school), work experience, and residual functional capacity, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform. (T at 38).

Accordingly, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act between September 30, 2013 (the application date) and June 17, 2015 (the date of the decision) and was therefore not entitled to benefits. (T at 39). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 3-8).

### D.	Disputed Issues

As set forth in the Joint Stipulation (Docket No. 21), Plaintiff offers two (2) main arguments in support of her claim that the Commissioner's decision should be reversed. First, she contends that the ALJ's step five analysis was flawed. Second, Plaintiff challenges the ALJ's consideration of her mental health limitations. This Court will address both arguments in turn.

8

DECISION AND ORDER – BRIEN v BERRYHILL 8:16-CV-02081-VEB

# IV. ANALYSIS

A. **Step Five Analysis**

At step five of the sequential evaluation, the burden is on the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). If a claimant cannot return to his previous job, the Commissioner must identify specific jobs existing in substantial numbers in the national economy that the claimant can perform. See *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner may carry this burden by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

The ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. *Gamer v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1279 (9th Cir.1987). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

Here, the ALJ concluded, *inter alia*, that Plaintiff must be allowed to elevate her legs to "footstool level" while working. (T at 32). The ALJ asked the vocational expert whether a hypothetical claimant with limitations consistent with Plaintiff's, including the footstool limitation, could perform any work that existed in significant numbers in the national economy. (T at 58-59). The vocational expert identified two positions (order clerk for food and beverage and lamp shade assembler) that such a claimant could perform. (T at 59).

Plaintiff argues that her need for a footstool would preclude performance of these occupations. However, Plaintiff offers no evidence for this argument other than counsel's suggestion that it is "not ergonomically and logically reasonable" that a person with that limitation could perform those jobs.

The question before this Court is whether the Commissioner's decision is supported by "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). As noted above, the Commissioner may satisfy this standard through "the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews*, 53 F.3d at 1039. Here, the vocational expert was specifically asked above the need for a footstool, and about the height of the footstool, and testified that a hypothetical claimant with that

limitation could perform the representative occupations. (T at 58-59). While the concern posited by Plaintiff's counsel seems plausible, it is not supported by any evidentiary references. In contrast, the Commissioner's decision is supported by the testimony of a recognized vocational expert directly on point.

Moreover, even if the evidence arguably supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.      Mental Limitations**

When evaluating the severity of mental impairments, the regulations require the ALJ to apply a "special technique" at the second and third steps of the review, in addition to the customary sequential analysis.  20 C.F.R. § 404.1520a.  The technique first requires a determination of whether the claimant has a medically

determinable mental impairment. 20 C.F.R. § 404.1520a(b)(1). Then, the ALJ must rate the degree of the claimant's functional limitation resulting from the impairment in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. See 20 C.F.R § 404.1520a(c)(3). These areas are rated on a scale of "none, mild, moderate, marked, and extreme." 20 C.F.R. §§ 404.1520a(c)(4); 416.920a(c)(4). A mental impairment is generally found not severe if the degree of limitation in the first three areas is mild or better and there are no episodes of decompensation. 20 C.F.R. § 404.1520a(d)(1). The ALJ must "document a specific finding as to the degree of limitation in each of the functional areas." 20 C.F.R. § 404.1520a(e)(2).

The ALJ concluded that Plaintiff's affective disorder was not a severe impairment. (T at 29-30). The ALJ assessed no limitation in Plaintiff's activities of daily living; no limitation in social functioning; and mild limitation in concentration, persistence, or pace. (T at 30).

The ALJ's decision was supported by a detailed discussion of the evidence, including reference to the mental health treatment records, which contained mental status examinations with generally normal findings. (T at 29-32). The ALJ also relied on the assessment of Dr. Sohini Parish, a consultative examiner. Dr. Parish

assigned a Global Assessment of Functioning ("GAF") score[3] of 68-73 (T at 299), which is indicative of mild symptoms. *See Wright v. Astrue*, CV-09-164, 2010 U.S. Dist. LEXIS 53737, at *27 n. 7 (E.D. Wa. June 2, 2010).

Dr. Parish assessed no mental difficulties or restrictions regarding daily activities, maintaining social functioning, or concentration, persistence, or pace. (T at 299). Dr. Parish found no limitation regarding Plaintiff's ability to cope with co-workers, supervisors, the public, or changes in a routine work setting. (T at 300). Dr. Parish's assessment was consistent with the findings of Dr. K.P. Morris, a non-reviewing State Agency review consultant, who opined that Plaintiff had no severe mental health impairments. (T at 66-68).

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of finding greater limitations arising from her mental health symptoms. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400.

"The opinions of non-treating or non-examining physicians may … serve as substantial evidence when the opinions are consistent with independent clinical

---

[3] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." *Vargas v. Lambert*, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

For the reasons outlined above, the ALJ's step two findings were detailed, consistent with the contemporaneous treatment record, and supported by the assessments of an examining psychiatrist and State Agency review physician. This is sufficient to sustain the decision under applicable law.

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the treating and examining medical providers and medical experts, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the

Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

## VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision and DISMISSING this action, and it is further ORDERED that

The Clerk of the Court file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

DATED this 26th day of September, 2018,

<u>/s/Victor E. Bianchini</u>
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE